UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ANGELA GABBARD** <br> 1308 High St. <br> Hamilton, OH 45011 | : <br> : <br> : <br> : | Case No. 1:23-cv-419 <br><br> Judge |
| **Plaintiff,** | : : : | |
| v. | : : | |
| **BUTLER COUNTY, OHIO** <br> 101 High Street <br> Hamilton, OH 45011 | : <br> : <br> : <br> : | |
| and | : : | |
| **JUDGE ROBERT H. LYONS**, in his official capacity <br> 101 High Street <br> Hamilton, OH 45011 | : <br> : <br> : <br> : <br> : | |
| and | : : | |
| **JUDGE KEVIN C. MCDONOUGH,** in his official capacity <br> 101 High Street <br> Hamilton, OH 45011 | : <br> : <br> : <br> : <br> : | |
| and | : : | |
| **JUDGE COURTNEY CAPARELLA-KRAEMER**, in her official capacity <br> 101 High Street <br> Hamilton, OH 45011 | : <br> : <br> : <br> : <br> : | |
| and | : : | |
| **BUTLER COUNTY COMMISSIONERS**, in their official capacities <br> 101 High St. <br> Hamilton, OH 45011 | : <br> : <br> : <br> : <br> : <br> : | |
| **Defendants.** | : : : | |

1

_____
## COMPLAINT AND JURY DEMAND
_____

Plaintiff Angela Gabbard, for her Complaint against Butler County, Ohio, Judge Robert H. Lyons, Judge Kevin C. McDonough, Judge Courtney Caparella-Kraemer, and the Butler County Commissioners (collectively, "Defendants") states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Angela Gabbard's employment with Defendants. Plaintiff alleges that Defendants terminated her because of her pregnancy in violation of 42 U.S.C. § 2000e, *et seq.* and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq*. Plaintiff also alleges that Defendants' decision to terminate her employment interfered with her right to take leave for her pregnancy and in retaliation for exercising her rights under the Family Medical Leave Act, 29 U.S.C. 2601, *et seq*.

2. Plaintiff seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory damages for her non-economic injuries, equitable relief in the form of reinstatement and/or front pay, and punitive damages. Finally, Plaintiff seek payment of her reasonable attorney fees and costs.

### II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq*, and 29 U.S.C. § 2601, *et seq*. This Court may assume supplemental jurisdiction over Plaintiff's claims under Ohio law pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same case or controversy as her federal claims.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

### III. ADMINISTRATIVE HISTORY

5. On or about September 29, 2022, Gabbard filed a charge of discrimination (No. 473-2023-00029) with the Equal Employment Opportunity Commission ("EEOC") against Defendants, alleging pregnancy discrimination and retaliation. On May 17, 2023, the United States Department of Justice issued Gabbard a Notice of Right to Sue.

6. Plaintiff has timely filed this claim within 90 days of the issuance of that notice.

### IV. PARTIES

7. Plaintiff Angela Gabbard is a resident of Hamilton, Ohio. Defendants employed Gabbard as a Civil Clerk in the Butler County Area 2 Court. During the relevant period, Gabbard was pregnant.

8. Defendant Butler County, Ohio is a political subdivision of the State of Ohio. Butler County operates the Butler County Area Courts.

9. Defendant Judge Robert H. Lyons serves as a judge on the Butler County Area Courts and was, at all times relevant, the Administrative Judge. Judge Lyons is sued in his official capacity.

10. Defendant Judge Kevin C. McDonough serves as a judge on the Butler County Area Courts. Judge McDonough is sued in his official capacity.

11. Defendant Judge Courtney Caparella-Kraemer serves as a judge on the Butler County Area Courts. Judge Caparella-Kraemer is sued in her official capacity.

12. Defendants Butler County Commissioners are sued in their official capacities as the duly-elected representatives of Butler County, Ohio.

13. All Defendants are referred to herein collectively as "Defendants" or "Butler County."

## V. STATEMENT OF THE CASE

14. Defendants hired Gabbard as a Civil Clerk for the Area 2 Court in Hamilton, Ohio on or about April 5, 2021.

15. In September 2021, Gabbard became pregnant.

16. Gabbard informed Defendants of her pregnancy.

17. As of April 5, 2022, Gabbard was eligible for FMLA leave as she had worked for Defendants for one year and she had worked 1,250 hours. Defendants are a public agency and are therefore a covered entity under the FMLA.

18. As Gabbard's due date was approaching, she informed Defendants that she intended to work until May 30, 2022 and would, thereafter, take maternity leave.

19. On several occasions before she took leave, Gabbard's supervisor, Tammy Brown, asked Gabbard how long she intended to be on maternity leave. Gabbard informed Brown that she was unsure and that the length of the leave would be dependent on whether she had a vaginal birth or a caesarian section.

20. Brown was agitated at the prospect of Gabbard taking longer than six weeks of maternity leave.

21. Gabbard also informed Brown that she intended to breast feed her baby and asked what location Butler County intended to make available for her to express breast milk when necessary, as there was no apparent location other than a bathroom. Brown was similarly agitated that Gabbard had asked Butler County to provide her with a suitable location to express breast milk.

22. In May 2022, Butler County provided Gabbard with and FMLA certification form that it was requiring her to have completed by her physician to support the need for FMLA leave following birth. Butler County informed Gabbard that she had 30 days from the date she gave birth to return the certification completed.

23. On May 31, 2022, Gabbard went into labor and gave birth to a healthy baby.

24. On or about June 9, 2022, Gabbard provided the FMLA certification form to her physician to complete and send to Butler County. Gabbard's physician's office informed Gabbard that it would send the paperwork to Butler County.

25. Also on June 9, Gabbard informed Brown that she had provided the certification form to her physician and that Butler County should be receiving the completed certification imminently. Brown had no further communication with Gabbard about the certification form.

26. Butler County did not send Gabbard a designation notice indicating that it had approved her use of FMLA leave.

27. On July 13, 2022, Jana Ballinger, the Area II Civil Case Manager, sent Gabbard a text message asking when she intended to return to work. Gabbard informed Ballinger that she intended to take the full 12 weeks of leave to which she was entitled.

28. On July 20, 2022, Brown sent Gabbard a text message asking when she intended to return to work. Gabbard informed Brown that she intended to return sometime in September. At that time, Gabbard had not calculated the date on which her 12 weeks of FMLA would be exhausted. She intended to return at the conclusion of her available FMLA leave.

29. On August 2, 2022, Linda Lovelace, the Court Administrator, sent Gabbard a letter terminating her employment. Lovelace indicated in the letter that she was "concerned

5

regarding [Gabbard's] intent to return to work as an employee of the Area Courts due to several factors." Lovelace than continued that she had such concerns because: 1) Gabbard allegedly cleaned out her desk when she took leave; 2) failed to return FMLA paperwork after allegedly being reminded and asked about it on several occasions; and 3) failed to submit a request, in writing, to Lovelace along with a signed physician's statement stating how long she needed to be off of work.

30. Contrary to Lovelace's assertion, nobody had informed Gabbard that she had failed to provide it with sufficient paperwork to support her leave, despite Gabbard informing Brown on June 9, 2022 that her physician's office would be sending Butler County the paperwork imminently.

31. Finally, Lovelace stated that Butler County, and specifically Defendant Judge Lyons, considered Gabbard to have resigned because she did not return a signed note from her physician stating how long she is unable to work within 30 days of giving birth.

32. Gabbard did not receive the termination letter until August 9, 2022.

33. On August 10, 2022, Gabbard called Linda Lovelace in Butler County's human resources department to discuss her abrupt termination. Gabbard also informed Lovelace that she could return to work at any time.

34. Gabbard asked her physician's office to send the completed FMLA certification to Butler County again on August 10, 2022. Gabbard's physician's office sent he paperwork to Butler County as requested.

35. Butler County refused to reinstate Gabbard.

36. Defendants' justification for terminating Gabbard is pretext for illegal discrimination on the basis of her pregnancy and retaliation for taking a leave of absence for her pregnancy. Defendants also interfered with Gabbard's rights under the FMLA by

denying her FMLA leave to which she was entitled, and by using her FMLA-protected leave as a negative factor in the decision to terminate her employment.

37. As a direct and proximate result of Defendants' unlawful actions, Gabbard has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering. Gabbard also incurred medical expenses resulting from the birth of her child that were not covered as a result of the cancellation of her health insurance.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Pregnancy Discrimination
### (42 USC § 2000e-5 and Ohio Rev. Code § 4112.02)

38. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

39. Plaintiff was pregnant.

40. Plaintiff was qualified to perform the duties of her position.

41. Defendants terminated Plaintiff while she was on maternity leave to which she was legally entitled.

42. Defendants treated Plaintiff differently than other non-pregnant persons who were similar in their ability or inability to work, specifically, Defendants permit others to take leaves of absence for temporary conditions, including FMLA leave.

43. As a result of Defendants' illegal actions, Plaintiff has suffered damages including lost wages and emotional distress.

44. Defendants acted with malice and a conscious disregard for Plaintiff's federally protected rights.

### Count 2: FMLA Interference
### (29 U.S.C. § 2601)

45. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

46. Plaintiff was eligible to take FMLA leave because she had worked for Butler County for one year at the time she began her leave and she had worked more than 1,250 hours.

47. Butler County is a covered employer under the FMLA.

48. Plaintiff was entitled to take leave on account of her pregnancy to give birth and to bond with her healthy newborn child.

49. Plaintiff gave Butler County sufficient notice of her intent to take FMLA leave.

50. Defendants denied Gabbard FMLA benefits to which she was entitled. Specifically, Defendants terminated Gabbard while she was on FMLA leave because she was on such leave, and Defendants denied Gabbard reinstatement from leave.

51. Defendants also used Gabbard's utilization of FMLA leave as a negative factor in the decision to terminate her employment. Defendants terminated Gabbard because of their displeasure that she took FMLA leave, particularly that she took leave in excess of six weeks.

52. As a result of Defendants' illegal actions, Plaintiff has suffered damages including lost wages and other economic harm.

53. Defendants acted in bad faith.

### Count 3: Retaliation
### (42 U.S.C. § 2000e-5 and Ohio Rev. Code § 4112.02)

54. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

55. Plaintiff was pregnant and expressed to Defendants that she intended to take maternity leave. She also informed Defendants that, upon her return, she would require adequate facilities to express breast milk.

56. Defendants were aware of Gabbard's request.

57. Defendants terminated Gabbard because she took maternity leave and because she notified them that she intended to express breast milk upon her return from leave.

58. Defendants' justification for terminating Gabbard are pretext for illegal retaliation.

59. As a result of Defendants' illegal actions, Plaintiff has suffered damages including lost wages and emotional distress.

60. Defendants acted with malice and a conscious disregard for Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendants as follows:

1. An award of compensatory damages for all economic damages Plaintiff suffered in an amount to be determined at trial, plus interest;

2. An award of liquidated damages in an amount equal to Plaintiff's economic damages, plus interest;

3. An order reinstating Plaintiff to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. An award of compensatory damages for all noneconomic damages suffered;

5. An award of punitive damages;

6. An award of Plaintiff's reasonable attorney fees and costs; and

7. An award of any other relief in law or equity to which Plaintiff is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff Angela Gabbard demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)